LOUIS W. WILLIAMSON, SHERIFF, FOR USE OF GEORGE W. COX *v.* EDWARD T. WILKINSON ET AL.

1. SALE. *Fraudulent as to creditors. Good between parties. Exemption.*

A seller who conveys personal property to defraud his creditors parts with title and cannot thereafter claim any part therof as exempt to him from execution and attachment. The right to assert the exemption, if one existed at the time of the sale, passed to the purchaser.

2. SAME. *Indemnifying bond. Code 1892, §§ 1967, 1968.*

Under code 1892, §§ 1967, 1968, providing that when an officer shall have levied, or shall be about to levy, an execution or attachment

on personal property, and doubt shall arise as to whether it be
exempt from levy and sale, he may demand of the person in whose
favor the process issued an indemnifying bond, and authorizing
suit thereon by the obligee, as plaintiff, for the use of the defend-
ant in execution or attachment, etc., title to the property in the
plaintiff's usee is essential to the maintenance of a suit upon such
indemnifying bond and a plaintiff's usee who has conveyed
the property to another is without title, although the conveyance
has been adjudged fraudulent as to his creditors.

FROM the circuit court of DeSoto county.

HON. PERRIN H. LOWREY, Judge.

Williamson, sheriff, for the use of Cox, appellant, was the
plaintiff in the court below; Wilkinson and others, appellees;
sureties upon an indemnifying bond, given under code 1892,
§§ 1967, 1968, were defendants there.   The code sections are
as follows:

1967 (1245). *Bond of indemnity.*—If any sheriff or other
officer shall levy or about to levy an execution or attachment
on any personal property claimed as exempt, and a doubt shall
arise as to the liability of the property to be sold, he may de-
mand of the plaintiff a bond, with sufficient sureties, payable
to such officer, in a sufficient penalty, conditioned to indemnify
and save harmless the officer against all damages which he may
sustain in consequence of the seizure or sale of the property,
and to pay the defendant all damages which he may sustain in
consequence of the seizure or sale; and if such bond be not
given, after reasonable notice, in writing, from the officer to
the plaintiff, his agent or attorney, that it is required, the of-
ficer may refuse to levy, or, having levied, may dismiss the
levy; but if the required bond be given, the officer shall seize
and sell or dispose of the property according to the command
of the process in his hands, and shall return the bond with the
execution or attachment.

1968 (1246). *Defendant may sue on the bond.*—After
the execution of such bond, the defendant in the execution or
attachment shall be barred of any claim against the officer so

seizing or selling the property, unless the obligors in the bond be or become insolvent, or the bond be otherwise invalid; and the defendant in execution or attachment may sue on the bond in the name of the payee, for his use, and recover double damages for the loss he has sustained by the seizure or sale of the property.

The suit was upon a bond given under § 1967.

The court below sustained a demurrer to the declaration, and plaintiff appealed to the supreme court. The allegations of the declaration are, in substance, as follows: Williamson is sheriff of DeSoto county, and Cox was, in October 1901, a merchant doing business at Miller Station, in said county; that on the 28th day of October, 1901, Cox, the usee, sold his stock of goods to Stewart, and thereafter, on the 15th day of November, 1901, the said stock of goods was attached by Wilkinson and others, principals in the bond, as Cox's property; that Stewart had filed a claimant's issue which had been tried at the November term of the circuit court of DeSoto county, and decided in favor of the attaching creditors, and a *venditioni exponas* was issued, and the stock advertised for sale thereunder; that before the sale written notice was given to the sheriff, Williamson, that Cox claimed his exemption of $250 worth of personal property allowed by § 1971, code of 1892; and that the said sheriff took an indemnifying bond, the one sued upon, and sold the stock of goods. The suit was for double damages as provided in § 1968, code of 1892.

The demurrer was based, among other grounds, upon the fact that the declaration showed that Cox had sold the goods to Stewart, and that he could not claim as exempt property which he did not own, and to which he had no title.

*R. L. Dabney*, for appellant.

"In most of the states the doctrine of forfeiture of the right of exemption by fraud has been repudiated, and it is held the courts have no right to impose any conditions on the right of

·exemption, other than such as are imposed by the legislature, and that a debtor, therefore, as a general rule, does not forfeit such right merely by fraudulent conduct as against creditors, unless it is so provided by statute.'' 12 Am. & Eng. Ency. Law (2d ed.), 202.

In accordance with this doctrine it has been held that a debtor does not forfeit his right of exemption by fraudulent sales of other property than that claimed as exempt, or of the property claimed; or by fraudulent conveyances and denial of ownership; or by false testimony as to ownership in a claim suit. The very· question before this court has been decided in appellant's favor. *Sannoner* v. *King*, 49 Ark., 299; *Boylston* v. *Rankin*, 114 Ala., 408.

*Farley & Lauderdale*, for appellees.

The demurrer was well taken and rightly sustained, because, according to the declaration, Cox had disposed of all his interest in and to the goods attached, and had received the money for them, and owned no part of them out of which to carve an exemption. The court, in trying the attachment suit and claimant's issue, did not thereby adjudge that the goods were the property of Cox, but simply that they were liable to the attachment. The claimant could have shown anything which would have rendered them not liable to be so taken; if an exemption was to be carved out of them the claimant alone could have shown the fact.

Argued orally by *R. L. Dabney*, for appellant.

TERRAL, J., delivered the opinion of the court.

The sale of the stock of goods by Cox to Stewart passed title to Stewart, which Cox cannot impugn. It was Stewart's right to claim as against Wilkinson Brothers a good title to the exempt property sold to him by Cox, however defective his title might be as to his nonexempt property by reason of the

alleged fraud in respect to Cox's creditors.    The law adjudged the title to the stock of goods fraudulently sold by Cox to Stewart to be in Cox, so far as his creditors are concerned.    In no event, and for no purpose, was the title beneficially restored to Cox.    Between Stewart and Cox and all others except creditors of Cox the title to the property was in Stewart. It was Stewart's right to set up and claim the exemption if any existed, and, if he lost or waived the right, it is a matter of which Cox cannot complain.    His sale of the property to Stewart, whether *bona fide* or fraudulently done, passed all his title to Stewart.    Creditors may intervene, and subject the nonexempt property to the payment of their debts, but the title to whatever part of it is not subjected to the claims of creditors abides in Stewart.

*Affirmed.*